UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALBERT WATSON,

        Petitioner,

  v.                                           Case No. 06-C-0476

JOHN BETT,

        Respondent.

## ORDER

On April 10, 2006, Albert Watson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his son Perry K. Scott's state court conviction and sentence were imposed in violation of the Constitution. Scott was apparently convicted in Milwaukee County Circuit Court; however, the nature of his crime and the date of his sentence are not specified in the petition. He is currently incarcerated at the Racine Youthful Offenders Correctional Facility.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Watson, as a non-attorney, has no right to bring an action on behalf of his son, whether Scott is a minor, *see Navin v. Parkridge School District 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that non-lawyer parent had no right to represent minor child), or an adult. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Lindstrom v. State of Illinois*, 632 F. Supp. 1535, 1537 (N.D. Ill. 1986) (holding that 28 U.S.C. § 1654 permitted plaintiff's wife to litigate her own case or to be represented by licensed attorney, but not to be represented by her husband). Accordingly, this petition must be dismissed, without prejudice to the rights of Perry K. Scott.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed, with prejudice with respect to Albert Watson but without prejudice to the rights of Perry K. Scott, pursuant to Rule 4 of the Rules Governing § 2254 Cases. The clerk of court shall enter judgment accordingly.

Dated this   21st   day of April, 2006.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge

2

Case 1:06-cv-00476-WCG   Filed 04/24/06   Page 2 of 2   Document 3